# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

S.L.S, *a minor*, *et al.*,

    Plaintiffs,

vs.

CLARK COUNTY SCHOOL DISTRICT, *et al.*,

    Defendants.

Case No. 2:17-cv-02208-JAD-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (EFC NO. 1-1)

    Before the Court are *pro se* Plaintiffs S.L.S (a minor) and Sonia I. Diaz de Smith's (S.L.S.'s parent and guardian) application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Plaintiffs' *in forma pauperis* application is granted. The Court, however, orders that Plaintiffs' complaint be dismissed without prejudice.

## DISCUSSION

    Plaintiffs' filings present two questions: (1) whether Plaintiffs may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Plaintiffs' complaint states a plausible claim for relief. Each is discussed below.

**I. Plaintiffs May Proceed *In Forma Pauperis***

    Plaintiffs application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Plaintiffs' affidavit, Diaz de Smith, "parent and general guardian" of her minor co-Plaintiff, makes $1,500 from her employment and receives $300 in child support each month. (ECF No. 1 at 1).

She reports $1,800 in monthly expenses as well as a financial obligation related to a student loan. (*Id.* at 1). Plaintiffs' application to proceed *in forma pauperis* is, therefore, granted.

## II. Plaintiffs' Complaint Fails to State a Plausible Claim

### A. Legal Standard for Reviewing the Complaint

Because the Court grants Plaintiffs' application to proceed *in forma pauperis*, it must review Plaintiffs' complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). The Court's decisions in *Twombly* and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Factual allegations are not entitled to the assumption of truth if they are conclusory or "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555).

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is plausible if the factual allegations which are accepted as true "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. If the factual allegation, which are accepted as true, "do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

2

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Analysis**

The first paragraph of Plaintiffs' complaint asserts:

> The Court has jurisdiction under The Civil Rights of the United States Constitution and Federal Law. The First, Second, Fifth, and the Fourteenth Amendment of the United States Constitution; violations of Section 504 of the Rehabilitation Act and the Individuals with Disabilities, The McKinney-Vento Act. Title VI, Title IV, Title IX, denial of access to education, denial of ELL programs to LEP students and parents, Conspiracy Against Rights and the United Nations Declaration of the Human Rights of the Child.

(ECF. No. 1-1 at 2). The complaint then lists two pages of factual allegations, broken into six long paragraphs, with only five scattered sentences connecting the facts to the laws cited above. (*Id.* at 2-4). The main focus of the allegations appears to be that (1) Cashman Middle School denied S.L.S. access to its English Language Learner ("ELL") program in July 2016 because she was born in the United States, despite the fact that she was a Limited English Proficient ("LEP") student (*Id.* at 2); (2) Cashman failed to provide adequate translation services to LEP parents (*Id.*); (3) Cashman failed to diagnose S.L.S's learning disabilities (*Id.*); (4) Clark County School District ("CCSD") denied transportation to S.L.S for three weeks (*Id.* at 3); (5) Cashman interfered with LEP parents' right to assemble, form an association, and participate in meetings at the school (*Id.*); (6) the principal of Cashman MS and a CCSD police officer…escorted [S.L.S.] around campus as a criminal to intimidate other LEP parents," (*Id.*); and (7)

"the principal of Cashman MS hand delivered to [Diaz de Smith], a Trespass Notice without a right to due process" (*Id.*).

Though "[n]o technical form is required for complaints (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b).

In this case, the factual allegations are difficult to follow, as they are grouped together in long paragraphs with few references to how the relate to any particular violation of a specific law. For this reason, the Court dismisses Plaintiffs' entire complaint without prejudice to provide Plaintiffs an opportunity to reformat the complaint and clarify which circumstances are relevant to each claim.

To provide further guidance to Plaintiffs, the Court will also analyze the merits of Plaintiffs' complaint, to the extent possible.

**1. Jurisdiction**

"The district Courts shall have original jurisdiction of all civil actions arising under the Constitution, Laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiffs' complaint cites to several portions of the Constitution (the First, Second, Fifth, and the Fourteenth Amendments) and several federal laws (20 U.S.C. § 1070, 20 U.S.C. § 1400, 20 U.S.C. § 1681, 29 U.S.C. § 794, 42 U.S.C. § 11301, and 42 U.S.C. § 2000d).[1] The Court generally has jurisdiction over claims arising under these provisions.

However, Plaintiffs also cite, as a basis for the Court's jurisdiction, "denial of access to education, denial of ELL programs to LEP students and parents, Conspiracy Against Rights and the United Nations Declaration of the Human Rights of the Child." (ECF. No. 1-1 at 2). The complaint is not clear regarding

---

[1] To the extent that Plaintiffs' references to laws is ambiguous (such as "Title IV"), the Court used its judgment in applying the law most commonly associated with Plaintiff's designation.

4

what right to education has been infringed beyond the specific statutes listed above. In addition, the declarations of the United Nations are generally statements of policy rather than binding treaties. *See Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 719 (9th Cir. 1992). The Court does not have jurisdiction over any claims based on these asserted rights and declaration.

### 1. Merits of Plaintiffs' Federal Claims

Plaintiffs cite several federal laws that bear no relation to the allegations in Plaintiffs' complaint. The Second Amendment deals with the right to bear arms, which is not at issue in this case. U.S. CONST. amend. II. The Fifth Amendment applies solely to actions by the federal government, and Plaintiffs' do not allege that any defendant is a federal actor. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). Title IV (20 U.S.C. § 1070) relates to financial assistance in higher education, which Plaintiffs do not address in their complaint. Title IX (20 U.S.C. § 1681) deals with discrimination based on sex, and Plaintiffs fail to allege that S.L.S or Diaz de Smith faced discrimination based on their sex.

The Court now analyzes the remaining law Plaintiffs cite. Plaintiffs' complaint contains at least some relevant allegations relating to each of these laws, and the deficiencies in these claims could be cured through amendments.

The First Amendment prohibits government actions abridging freedom of speech and right of people to peaceably assemble. U.S. CONST. amend. I. "To sustain an action under [42 U.S.C.] § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). CCSD is "a political subdivision of the state of Nevada." *Peterson v. Miranda*, 991 F. Supp. 2d 1109, 1120 (D. Nev.). Once a state opens a forum to speech, it "must not restrict access to a forum on the basis of viewpoint, and the restriction must be 'reasonable in light of the purpose served by the forum.'" *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106-07

(2001) (quoting *Cornelius v. NAACP Legal Defense & Ed. Fund, Inc.*, 473 U.S. 788, 806 (1985)) (internal citation omitted)). "To bring a First Amendment retaliation claim, the plaintiff must allege that (1) it engaged in constitutionally protected activity; (2) the defendant's actions would "chill a person of ordinary firmness" from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (quoting *O'Brien v. Welty*, 818 F.3d 920, 933 (9th Cir. 2016)).

While the Plaintiffs' complaint contains allegations relating to the First Amendment, the Court finds the complaint does not contain "a short and plain statement of the claim" sufficient for the court to draw a reasonable inference that the Defendants are liable for violating this amendment. Fed. R. Civ. P. 8(a). Plaintiffs allege Cashman "dismissed the initiative of LEP parents to form a parent organization, and replaced us with the president and the secretary of the NV PTA" and denied LEP parents' "petition to CCSD to use the school facilities to hold our meetings." (ECF No. 1-1 at 3). The Court is unable to determine how Cashman "dismissed the initiative" to form a group, yet also "replaced" the group. In addition, Plaintiffs failed to allege that the school facilities were generally open to other groups, so the Court is unable to determine that CCSD improperly limited access to any forum. Plaintiffs also allege Diaz de Smith "was expelled from the School Organizational Team and as the Parent ambassador of Cashman" in retaliation for her "advocacy." (*Id.*) The complaint is unclear regarding which party removed Diaz de Smith from these positions and what form her "advocacy" took, so the Court is unable to determine that any party retaliated against Diaz de Smith based on constitutionally protected activity.

The Fourteenth Amendment provides that states shall not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.[2] Plaintiffs allege CCSD denied

---

[2] The Fourteenth Amendment also provides that states shall not "deny to any person…the equal protection of the laws." U.S. CONST. amend. XIV. As this issue is also addressed by Plaintiffs' Title VI allegations, the Court will only focus on the due

transportation to S.L.S for three weeks "in a direct violation of The Homeless Assistance Act", "the principal of Cashman [Middle School] and a CCSD police officer…escorted [S.L.S.] around campus as a criminal to intimidate other LEP parents," and "the principal of Cashman MS hand delivered to [Diaz de Smith], a Tres[]pass Notice without a right to due process" (ECF. No. 1-1 at 3). The Court is unable, based on Plaintiffs' assertions, to draw the reasonable inference that the defendant is liable for violating Plaintiffs' right to due process. The complaint also states that Diaz de Smith requested to enroll S.L.S. in the homeless assistance program, but Cashman "provided [her] a different service" (*Id.*), so the Court cannot determine whether S.L.S. had a right to transportation based on the Homeless Assistance Act. The allegations about S.L.S. bring escorted around campus and Diaz de Smith's trespass notice are too vague for the Court to determine what allegedly happened.

The Individuals with Disabilities Education Act ("IDEA") (20 U.S.C. § 1400) and Section 504 of the Rehabilitation Act (29 U.S.C. § 794) protect against discrimination towards individuals with disabilities. If "a lawsuit seeks relief for the denial of a free appropriate public education…that plaintiff must first submit her case to an IDEA hearing officer." *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 754 (2017). Plaintiffs assert S.L.S has been denied the "right to Free Adequate Public Education," but fails to mention any administrative proceedings taken in response to CCSD or Cashman's actions. (ECF. No. 1-1 at 3). In addition, Plaintiffs fail to asset what disability S.L.S. has beyond asserting LEP students "have developed learning disabilities and low self-esteem due to poor academic performance." (*Id.* at 2.)

The McKinney-Vento Homeless Assistance Act (42 U.S.C. § 11301 et seq.) seeks to meet the needs of homeless individuals, with several provisions specifically directed towards education (42 U.S.C. §§ 11431-11433). Other courts have found at least some of the provisions in the Homeless Assistance

---

process allegations under the Fourteenth Amendment in this part of the Order. Plaintiffs may clarify in an amended complaint whether they also rely on the equal protection provision of the Fourteenth Amendment in their case.

Act to be enforceable through a § 1983 action. *See Lampkin v. D.C.*, 27 F.3d 605, 612 (D.C. Cir. 1994). However, in this case the Plaintiffs, while asserting Defendants violated the Homeless Assistance Act, fail to (1) explain what portion of the Act they are relying on in their complaint, (2) clarify whether CCSD admitted S.L.S. into any homeless assistance program, and (3) plainly assert that Plaintiffs are homeless.

Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d) states that no person shall be "subjected to discrimination under any program or activity receiving Federal financial assistance" on the basis of national origin. Plaintiffs assert Defendants "discriminated on [Diaz de Smith's] national origin" and this discrimination was "the root cause of a series of other civil rights violations and child abuses against [S.L.S and Diaz de Smith]." (ECF No. 1-1 at 2). While the Court could attempt to guess Diaz de Smith's national origin from the context of the complaint, Plaintiffs fail to affirmatively state Diaz de Smith's national origin. Plaintiffs also potentially allege S.L.S. was discriminated based on her national origin (as she was born in the United States), but this allegation is closely linked with S.L.S.'s "mother language," which is not plainly stated. (*Id.*). Finally, there is no assertion that Defendants have received Federal financial assistance. Without this information, the Court cannot fully analyze Plaintiffs' Title VI claim.

ACCORDINGLY,

IT IS ORDERED that Plaintiffs' application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court file the complaint. (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiffs are permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiffs' complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs have until October 20, 2017 to file an Amended Complaint. Failure to timely file an Amended Complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

### **NOTICE**

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 15th day of September, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE