# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

S.L.S, *a minor*, *et al.*,

        Plaintiffs,

vs.

CLARK COUNTY SCHOOL DISTRICT, *et al.*,

        Defendants.

Case No. 2:17-cv-02208-JAD-VCF

**ORDER**

AMENDED COMPLAINT [EFC NO. 7]

Before the Court are *pro se* Plaintiffs S.L.S (a minor), Sonia I. Diaz de Smith (S.L.S.'s parent and guardian), J.O. (a minor), and Fabiola Arriga's (J.O.'s parent and guardian) amended complaint. (ECF No. 7). The Court hereby orders Plaintiffs to submit a second amended complaint and any additional documents needed to address issues as discussed below.

## BACKGROUND

This case centers around actions allegedly taken by Cashman Middle School and Clark County School District Officials against Hispanic students and their parents. (ECF No. 7 at 1-2). On August 18, 2017, S.L.S and Diaz de Smith filed an application to proceed *in forma pauperis* and complaint. (ECF Nos. 1, 1-1). On September 15, 2017, the Court granted their application and dismissed their complaint without prejudice for clarification of Plaintiffs' claims. (ECF No. 3 at 8-9).

On January 3, 2018, S.L.S., Diaz de Smith, J.O., and Arriga filed an amended complaint. (ECF No. 7). J.O. and Arriga did not submit an application to proceed *in forma pauperis*. The amended complaint alleges that Cashman Middle School prevented Hispanic parents form participating in school activities and forming a committee and threw Diaz de Smith off school property. (*Id.* at 2-4). The

1

complaint also asserts that Clark County School District officials ignored and covered up complaints about Cashman Middle School's actions. (*Id.* at 4-6).

## DISCUSSION

**I.** *In Forma Pauperis* **Applications**

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs by a person who submits an affidavit showing the person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

J.O. and Arriga did not submit an application to proceed *in forma pauperis*. The Court must receive an affidavit from each party seeking to proceed *in forma pauperis*. Arriga must submit a financial affidavit, or the complaint must be amended to remove J.O. and Arriga from this action.

**II.** **Proceeding Pro Se**

In its initial screening of S.L.S and Diaz de Smith's complaint, the Court did not address Plaintiffs' ability to proceed *pro se*, as the Court required clarification regarding their claims. The Court will now address this issue.

"[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer," *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997), even in cases where the parent cannot afford to hire a licensed attorney. *Buran v. Riggs*, 5 F.Supp.3d 1212, 1216 (D. Nev. 2014). In addition, because a non-attorney "has no authority to appear as an attorney for others than himself," a party cannot bring a class action *pro se*. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also McShane v. United States,* 366 F.2d 286, 288 (9th Cir. 1966).

Diaz de Smith can bring a case addressing how her rights have been violated. The amended complaint contains several allegations relating specifically to Diaz de Smith's rights, such as the assertion

that Cashman Middle School removed her from campus and from "her voluntary function as a member of the School Organizational Team in retaliation for her…continuing advocacy for the inclusion of programs and services for [Limited English Proficient] parents and students." (ECF No. 7 at 4). However, Diaz de Smith cannot bring a case based on the violation of S.L.S.'s rights without an attorney representative. In addition, Diaz de Smith cannot attempt to bring a class action lawsuit on behalf of other parents or students without an attorney representative.

If Diaz de Smith cannot secure legal representation, she must submit a second amended complaint solely addressing how her individual rights have been violated. If Arriga submits an application to proceed *in forma pauperis* that is subsequently granted, the complaint may also address Arriga's rights.

ACCORDINGLY,

IT IS ORDERED that Plaintiffs have until February 28, 2018 to file a Second Amended Complaint, and a further application to proceed *in forma pauperis* if needed, addressing the issues discussed above. Failure to timely file a Second Amended Complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if a Second Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Second Amended Complaint. The Court will issue a screening order on the Second Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*,

3

474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 6th day of February, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE